IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| OLD CONST LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>Bitmain Technologies Georgia Limited, a Georgia Corporation<br><br>Defendant. | Case No.: |

**PLAINTIFF'S VERIFIED COMPLAINT AND APPLICATION
FOR INJUNCTIVE RELIEF**

Plaintiff Old Const LLC ("Old Const" or "Plaintiff"), by and through its undersigned counsel, files this Verified Complaint and Application for Injunctive Relief against Defendant Bitmain Technologies Georgia Limited ("Bitmain" or "Defendant"), and alleges as follows:

**INTRODUCTION**

This is an action for a Temporary Restraining Order ("TRO") and preliminary injunction to enjoin Defendant from obtaining a writ of replevin or possession from any court other than the Texas court specified in the Hosting Services Agreement ("HSA"). Plaintiff also seeks to compel arbitration for non-injunctive causes of action and a

declaratory judgment that the forum selection clause and arbitration agreement in the HSA are legally valid and enforceable.

## PARTIES

1. Plaintiff Old Const LLC is a limited liability company formed under the laws of the State of Delaware, with its principal place of business at 254 Chapman Rd, Ste 209, Newark, DE 19702.

2. Defendant Bitmain Technologies Georgia Limited is a corporation incorporated under the laws of the State of Georgia, with its registered office at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (notably under 28 U.S.C. § 2283 and 28 U.S.C. § 1651(a)) and 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $10 million, exclusive of interest and costs.

4. The Court has personal jurisdiction of this matter under the parties' agreements as set forth herein, namely said agreements' mandatory forum selection clause for which the parties consented to exclusive jurisdiction in the State of Texas.

5. Venue is proper in this district under the parties' agreements as set forth herein in the forum selection clauses and under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

6. On November 11, 2024, Old Const and Bitmain entered into the Hosting Services Agreement ("HSA") under which Old Const agreed to provide hosting services for Bitmain's supercomputing servers at a data center facility. *See* attached hereto as Exhibit A.

7. The HSA states that Texas law applies to the HSA and the Lease Agreement incorporated into the HSA as well as to any disputes regarding the same. *Id.* at pp 9, 37 (Article 17.5). The HSA includes a mandatory forum selection clause designating the State of Texas as the exclusive forum for resolving disputes. *Id.* (Article 17.5 "submit to the exclusive jurisdiction").

8. The HSA also contains a mandatory arbitration clause requiring that any disputes arising out of or relating to the agreement be submitted to binding arbitration in Houston, Texas. *Id.* (Article 17.6).

9. The parties entered into other complimentary agreements to the HSA: 1) the Collaboration Agreement; 2) Collaboration Sales Agreement; and 3) the OnRack Sales & Purchase Agreement. *See* attached as Exhibits B, C, and D respectively.

10. The Collaboration Agreement and the Collaboration Sales Agreement state that Texas law applies to said agreements and to any disputes regarding the same. *See* Exhibit B at Articles 12.4 and 12.5; Exhibit C at Articles 12.4 and 12.5. Moreover, these two agreements contain a mandatory forum selection clause designating Texas as the exclusive forum for resolving disputes. *Id.*

11. The OnRack Sales & Purchase Agreement contains a mandatory arbitration clause requiring that any disputes arising out of or relating to the agreement be submitted to binding arbitration in Houston, Texas. *See* Exhibit D at Article 22.2.

12. On August 22, 2025, Bitmain's counsel sent Old Const a Notice of Termination as to all agreements including the HSA. *See* attached hereto as Exhibit B. The Notice of Termination was improper and a material breach of the parties' agreements. Bitmain has fabricated purported breaches in order to terminate the agreement immediately.

13. Despite the mandatory forum selection provisions, Bitmain has threatened to seek a writ of replevin or possession from a court outside of Texas, in violation of the HSA and the other agreements' exclusive forum selection clauses.

14. As a result, the instant Verified Complaint and application for declaratory relief and emergency injunctive relief is necessitated.

## CAUSES OF ACTION

### Count One: Declaratory Judgment/Relief

15. Plaintiff realleges and reassert all allegations in the preceding paragraphs of this Verified Complaint as though fully set forth herein.

16. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "[i]n a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and

other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

17. Federal Rule of Civil Procedure 57 governs the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201 and specifically states that the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. In addition, the court may order a speedy hearing of a declaratory-judgment action which Plaintiff's requests herein and in the application for injunctive relief.

18. Plaintiff seeks a declaratory judgment that the exclusive forum selection clause and arbitration agreement in the HSA and the OnRack Sales & Purchase Agreement are legally valid and enforceable.

19. Plaintiff seeks a declaratory judgment that the exclusive forum selection clause in the Collaboration agreements stated above are legally valid and enforceable.

20. The requested declaratory relief is necessary to resolve the parties' dispute and prevent Defendant from circumventing the agreed-upon dispute resolution mechanisms by filing *ex-parte* and behind Plaintiff's back in a foreign forum that parties clearly did not agree to in violation of the exclusive forum selection clauses set forth in the parties' agreements as stated herein.

## Count Two: Breach of Contract

21. Plaintiff realleges and reassert all allegations in the preceding paragraphs of this Verified Complaint as though fully set forth herein.

22. The HSA, the Collaboration Agreement, the Collaboration Sales Agreement, and the OnRack Sales & Purchase Agreement (collectively "Agreements") are valid, binding and enforceable contracts between Plaintiff and Defendant.

23. Plaintiff has materially performed its obligations under the Agreements.

24. Defendant materially breached the Agreements via its termination notice and not adhering to the terms of the Agreements.

25. Defendant has also anticipatory breached the Agreements.

26. First, despite the HSA requiring a fixed term of 24 months, commencing on December 10, 2024 and expiring on December 10, 2026, Defendant without proper cause under the HSA sent a letter stating it was terminating the HSA and the other agreements. *See* Exhibit A at Article 13.1 and Appendix I.

27. Second, Defendant has anticipatorily breached the Agreements' exclusive forum selection clauses by threatening to file an action (mostly *ex-parte*) for a writ of replevin or possession from a court/forum outside of the state of Texas (notably in a Tennessee state court), in violation of the HSA and the other agreements' exclusive forum selection clauses. This action would violate the Agreements' dispute resolution clauses and the Agreements' forum selection clauses which require any litigation filing to be in the State of Texas.

28. If the Defendant is not enjoined from terminating the Agreements and violating the exclusive forum selection clauses, it will cause irreparable harm to the Plaintiff's business and engage in forum shopping, contrary to the Agreements. Without

an injunction, the Plaintiff will suffer prejudice, and the Defendant will unlawfully attempt to deprive the Plaintiff of the mining equipment essential to its business operations.

29. Plaintiff is entitled to emergency, preliminary, and permanent injunctive relief and declaratory judgment as set forth herein.

**Count Three: Temporary Restraining Order ("TRO") and Preliminary Injunction**

30. Plaintiff realleges and reassert all allegations in the preceding paragraphs of this Verified Complaint as though fully set forth herein.

31. Plaintiff seeks a TRO and preliminary injunction to prevent Defendant from violating the mandatory forum selection clause and going behind Plaintiff's back in obtaining a writ of replevin or possession (including *ex-parte*) from a non-Texas tribunal/court.

32. A district court may grant the extraordinary relief of a temporary restraining order or preliminary injunction if the movant establishes four prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer immediate and irreparable harm if the temporary restraining order or injunction does not issue; (3) that the threatened harm to the movant outweighs any injury or damage the temporary restraining order or preliminary injunction may cause to the defendant; and (4) that the granting of the temporary restraining order or preliminary injunction will not disserve the public interest. *DNOW L.P. v. Okoro*, No. 4:16-CV-2382, 2016 WL 8738401, at *1-2 (S.D. Tex. Aug. 10, 2016).

33. Although the Anti–Injunction Act is an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless the action falls within a designated exception, ***it does not preclude injunctions against a lawyer's filing of prospective state court actions***. See 28 U.S.C.A. § 2283; *Dombrowski v. Pfister*, 380 U.S. 479, 484 n. 2 (1965); *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 132 & n. 8 (5th Cir. 1990)).

34. The All Writs Act provides that federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The "necessary in aid of jurisdiction" exception is designed to "prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 295 (1970).

35. The federal courts have the power to enjoin persons subject to their jurisdiction from prosecuting foreign suits and this would equally apply to suits in different states. As this dispute concerns private parties to a contractual dispute, such relief would not impact comity among the states. Moreover, an anti-suit injunction is a proper mechanism to enforce forum selection clauses and arbitration agreements. *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984 (9th Cir. 2006). Protecting contractual devices that provide such indispensable, essential functions within trade justifies the imposition of an anti-suit injunction. *Id.*

36. The parties and issues would be the same if Defendant were to file suit in another forum such as Tennessee in violation of the mandatory forum selection clause.

37. The enjoinment of suit in another forum outside of Texas is necessary to avoid frustrating the policy and interests of the State of Texas in enforcing the mandatory forum selection clause. Forum selection clauses are increasingly used in business transactions and when included in freely negotiated commercial contracts, they enhance certainty, allow parties to choose the regulation of their contract, and enable transaction costs to be reflected accurately in the transaction price.

38. The U.S. Supreme Court and the Fifth Circuit have emphasized the importance of forum selection clauses and have held that they "should be enforced absent strong reasons to set them aside." *See Atlantic Marine Constr. Co. v. United States District Court*, 571 U.S. 49, 60-62 (2013); *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016).

39. As such, the Court should enter a preliminary anti-suit TRO and preliminary injunction.

40. Plaintiff is likely to succeed on the merits of its claim because the Agreements, including the HSA clearly designates Texas as the exclusive forum for disputes.

41. Plaintiff will suffer irreparable harm if Defendant is allowed to proceed in a forum outside of Texas, as it would undermine the contractual agreement and result in significant legal expenses and logistical challenges.

42. The balance of equities tips in Plaintiff's favor as it is enforcing the Agreements' dispute resolution provisions, and a TRO and preliminary injunction is in the public interest as it upholds the enforceability of contractual agreements.

### Count Four: Compel Arbitration

43. Plaintiff realleges and reassert all allegations in paragraphs 1 through 29 of this Verified Complaint as though fully set forth herein.

44. Plaintiff seeks to compel arbitration for all non-injunctive causes of action pursuant to the arbitration clause in the HSA.

45. The arbitration clause is valid and enforceable, and Defendant's actions are subject to arbitration under the terms of the HSA.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Old Const LLC respectfully requests that this Court:

A. Issue a declaratory judgment that the exclusive forum selection clauses and the applicable arbitration clauses in the Agreements are valid and enforceable with no exception;

B. Issue TRO and preliminary injunction enjoining Defendant from obtaining a writ of replevin or possession from any court other than the Texas court specified in the Agreements;

C. Compel arbitration for all non-injunctive causes of action pursuant to the arbitration clause in the HSA;

D. Award compensatory, incidental, and consequential damages to Plaintiff for Defendants' breaches as set forth herein;

E. Award Plaintiff its costs and attorneys' fees incurred in this action; and

F.  Grant such other and further relief as the Court deems just and proper.

Dated: September 2, 2025

          Respectfully submitted,

          By: */s/Brian M. Gargano*
          **ARCHER & GREINER P.C.**
          Brian M. Gargano
          Federal Bar No. 3082070
          Jiangang "James" Ou
          Federal Bar No. 3435797
          3040 Post Oak Boulevard, Suite 1800-150
          Houston, Texas 77056
          bgargano@archerlaw.com
          jou@archerlaw.com
          Tel. (281) 968-5215

          *Attorneys for Plaintiff*

## VERIFICATION

I, Fenshou Chen am Old Const LLC's ("Old") Manager. As such, I am one of Old's corporate representatives with knowledge of the matters set forth in the Verified Complaint. I have reviewed all of the allegations made in this Verified Complaint along with the attendant exhibits. The allegations in the Verified Complaint about which I have personal knowledge are true and accurate. As to those allegations of which I may not have personal knowledge, I believe them to be true to the best of my information Having received a copy of the Verified Complaint along with its attendant exhibits, and having thoroughly reviewed them, and I hereby authorize the filing of this Verified Complaint along with its attendant exhibits.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd, September 2025.

_签署人：陈奋寿_
E59B11FE99D043A...

Fenshou Chen
Manager
Old Const LLC